# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 29, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MARILYN G. COOK,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1378** (BOR Appeal No. 2047227)
                    (Claim No. 2002048616)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**LOGAN COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marilyn G. Cook, by Anne L. Wandling, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2012, in which the Board affirmed a May 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 5, 2012, decision denying authorization for a follow-up visit with Randall James, D.O. The Office of Judges also affirmed the claims administrator's July 27, 2011, decision denying authorization for an L2-3 microdiscectomy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based on a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited

1

circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Cook worked as a teacher for the Logan County Board of Education. On March 13, 2002, Ms. Cook injured her elbow, back, and head when she slipped off a chair in the playground and fell onto the pavement. An MRI was taken of her lumbar spine following the injury which revealed degenerative changes at the L5-S1 disc. At that time, Ms. Cook was evaluated by Panos Ignatiadis, M.D., a neurosurgeon, who determined that she was not a good surgical candidate. Several years later, a second MRI was taken of Ms. Cook's lumbar spine, and it revealed multi-level degenerative changes. Dr. Ignatiadis again evaluated Ms. Cook and found that she had lumbar pain radiating into her right thigh. He found that Ms. Cook's pain was consistent with an L2-3 disc protrusion which was similar to her symptoms following the injury. Dr. Ignatiadis then requested authorization for an L2-3 microdiscectomy to repair the damage because Ms. Cook had already received injections and medication which did not eliminate her pain. On July 27, 2011, the claims administrator denied authorization for an L2-3 microdiscectomy. Dr. Ignatiadis then testified by deposition. He indicated that the surgery was not guaranteed to be successful, but he believed that it was a reasonable option for treating Ms. Cook's pain. On January 5, 2012, the claims administrator denied a post-surgical follow-up visit with Dr. James. On May 14, 2012, the Office of Judges affirmed both claims administrator's decisions. The Board of Review affirmed the Order of the Office of Judges on October 26, 2012, leading Ms. Cook to appeal.

The Office of Judges concluded that an L2-3 microdisctomy and a follow-up visit with Dr. James were not medically related and reasonably required to treat Ms. Cook's compensable injury. The Office of Judges considered the opinion of Dr. Ignatiadis and found that his notes and deposition showed that Ms. Cook's current condition was medically related to the compensable injury. The Office of Judges found that there was no medical opinion in the record that refuted or challenged Dr. Ignatiadis's explanation of Ms. Cook's symptoms. The Office of Judges, however, determined that the requested microdiscectomy was not reasonably necessary to treat Ms. Cook's injury. It pointed out that, in his deposition testimony, Dr. Ignatiadis indicated that the surgery was not the only available treatment option and even admitted that it may not be successful. It also found that the requested visit with Dr. James was related to the L2-3 microdiscectomy. Since it determined that Ms. Cook was not entitled to the surgery, the Office of Judges found that the follow-up visit was also not medically related or reasonably required to treat the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

The decision of the Board of Review is based on a mischaracterization of the evidentiary record. The Office of Judges reached its conclusions without any medical support and thereby, exceeded its statutory authority and abused its discretion. In determining that the requested surgery was not required to treat Ms. Cook's compensable injury, the Office of Judges substituted its own judgment for that of Dr. Ignatiadis. Dr. Ignatiadis provided the only medical opinion in the case, and it is clear from his deposition testimony that he believed the microdiscectomy was a reasonable option for treating Ms. Cook's pain. The medical evidence in

the record shows that both the L2-3 microdiscectomy and the follow-up visit with Dr. James are medically related and reasonably required to treat the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is based on a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to authorize an L2-3 microdiscectomy and a follow-up visit with Dr. James.

Reversed and Remanded.


**ISSUED:  April 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3